In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-96-01595-CV

____________


TURTUR & ASSOCIATES INC.,

MARIO TURTUR, and STEVE TURTUR, Appellants


V.


TOM ALEXANDER, Individually, and

ALEXANDER & McEVILY, Appellees






On Appeal from the 125th District Court 

Harris County, Texas

Consolidated Trial Court Cause Nos. 88-10732 and 89-050768






OPINION DISSENTING FROM OVERRULING OF MOTION FOR
REHEARING EN BANC REVIEW


 The Panel Opinion recognized the rule that expert testimony is necessary to
prove the element of causation in a legal malpractice case, but claimed an exception
exists where the causal relationship between the attorney's negligence and the client's
loss is so obvious that lay persons are competent to resolve the issue. As a threshold
issue, I question whether such an exception exists. The only authorities cited for such
an exception were a Texas Court of Appeals decision reversed on other grounds and
a Fifth Circuit Court of Appeals decision.

 Even if such an exception existed, however, the Panel Opinion did not set out
any evidence that the federal bankruptcy judge would have made a different decision
if a different lawyer had been trying the lawsuit and additional evidence had been
submitted. Thus, I am perplexed how a jury of lay persons could be expected to make
that decision without expert help.

 The Panel Opinion is lengthy, and it presents a great deal of evidence about
what evidence should have been presented by whom, and even expert evidence
regarding appellees' negligence. I do not see a single shred of evidence, however,
that a different decision would have been made by the federal bankruptcy judge in the
face of the evidence appellants claim should have been introduced by Tom
Alexander, himself. Accordingly, I respectfully dissent from the en banc decision to
deny motion for rehearing.






 Tim Taft


 Justice

A majority of the justices of the Court vote to overrule the motion for rehearing en
banc.


Justice Taft dissents from the overruling of the motions for rehearing en banc. 


Justice Radack joins Justice Taft's opinion dissenting from the overruling of the en
banc rehearing. 


Justices Jennings and Keyes not participating.


Publish. Tex. R. App. P. 47.4.